# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UBALDO SALDANA-GARCIA, | Case No.: 2:19-cv-00441-APG-BNW |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

Based on the entry of appearance (ECF No. 8) by the Federal Public Defender,

IT IS ORDERED that the Federal Public Defender, through S. Alex Spelman, Esq., is appointed as counsel for the petitioner under 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the petitioner shall have until up to and including 90 days from entry of this order within which to file an amended petition or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period or of a basis for tolling during the time period established. The petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition or by granting any extension, I make no finding that the petition, any amendments thereto, or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that the respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition, and that the petitioner may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by the respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. I do not wish to address any procedural defenses either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. The respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss, not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that any state court record and related exhibits filed herein by either the petitioner or the respondents shall be filed with a separate index of exhibits

identifying the exhibits by number. The CM/ECF attachments that are filed shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

      IT FURTHER IS ORDERED that the hard copy of any exhibits filed by either counsel shall be delivered – for this case – to the Las Vegas Clerk's Office.

      Dated: June 11, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE