# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ubaldo Saldana-Garcia, | Case No. 2:19-cv-00441-APG-BNW |
| Petitioner, | **ORDER** |
| v. | |
| Brian Williams, et al., | (ECF No. 17) |
| Respondents. | |

The respondents have filed an Unopposed Motion to Seal. ECF No. 17. For the reasons discussed below, I grant the motion in part.

The respondents seek leave to file under seal "all documents and exhibits in this case, current and future" in accordance with LR 6-1. *Id.* at 2:2–3. They make this request because multiple minors are involved in this case and are mentioned throughout the state court record. The respondents assert that requiring substantial redactions would make the record difficult to understand and impose a hardship on counsel and staff for both parties. They submitted a total of 138 exhibits (ECF Nos. 18–21) under seal along with their Motion to Dismiss (ECF No. 16).

There is a strong presumption of access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014). This strong presumption of access "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. Thus, a movant must show "compelling reasons" to seal judicial records attached to a dispositive motion. *Id*.

(citing *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).  In general, compelling reasons exist when court records might become a vehicle for improper purposes. *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

A sealing order must be narrowly tailored. *See, e.g.*, *Press-Enterprise Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 512 (1984).  The order should be "limited to information that was actually sensitive," that is, only the parts of the material necessary to protect the compelling interest. *Id.* Thus, even where the private interest in protecting the material outweighs the public interest in disclosure, a court must still consider whether redacting confidential portions of the material will leave meaningful information available to the public. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011) (citing *Foltz*, 331 F.3d at 1136–37).

Here, the motion does not provide compelling reasons to seal *all* documents filed in this case.  The Respondents correctly point out that the Local Rules of Practice protect the identities of minor children. *See* LR 6-1(a)(2) (requiring that the names of minor children be redacted and only their initials should be used); Fed. R. Civ. P. 5.2.  However, a significant portion of the record documents do not contain the unredacted minors' names and are therefore inappropriate for sealing.  In addition, the index of exhibits[1] does not contain any confidential information.

---

[1] I note that the respondents did not comply with the CM/ECF filing instructions stated in the scheduling order or the Local Rules of Practice:

> If the exhibits filed will span more than one ECF Number in the record, *the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler*, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

ECF No. 9 at 3 (emphasis added); *see also* LR IC 2-2(a)(3)(A) ("Exhibits and attachments must not be filed as part of the base document in the [CM/ECF] filing system.  They must be attached as separate files.").  An electronic filer's failure to follow this instruction is particularly problematic where, as here, portions of a filing may be unsealed, as this complicates review of the docket and may delay instructions to the Clerk of the Court to unseal specific documents.

Based on *Kamakana* and its progeny, I find that the parties have met their burden of establishing compelling reasons for the unredacted documents containing the minors' names to remain sealed. However, the respondents have not narrowly tailored their sealing requests regarding the documents that do not display the minors' names. Only the documents and exhibits displaying that minors' names may be filed under seal. The remainder of the materials that do not contain confidential information must be publicly accessible documents. *See* LR IA 10-5(b) ("The court may direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard."). I will allow the exhibits (ECF Nos. 18–21) to remain sealed temporarily so the respondents' counsel can identify which exhibits display the minors' names and which do not. Counsel for the respondents must file a notice identifying the exhibits that do not display the minors' names, and the Clerk of Court will be directed to unseal those documents.

I THEREFORE ORDER that the respondents' Unopposed Motion to Seal (**ECF No. 17**) **is GRANTED IN PART**. The respondents have until **February 18, 2020** to file in the public docket: (1) a notice identifying which exhibits do not display the minors' names, and (2) the index of exhibits in support of the motion to dismiss.

Dated: February 4, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

Counsel are responsible for informing themselves and instructing their staff regarding all court instructions and the correct electronic filing procedures under the Local Rules. The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the District of Nevada's website.