**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UBALDO SALDANA-GARCIA,

                    Petitioner,

    v.

BRIAN WILLIAMS, et al.,

                    Respondents.

Case No. 2:19-cv-00441-APG-BNW

**ORDER**

(ECF No. 16)

Petitioner Ubaldo Saldana-Garcia, a Nevada state prisoner represented by counsel, has filed this habeas corpus proceeding under 28 U.S.C. § 2254. The respondents mov to dismiss the amended petition. ECF No. 16. Because Saldana-Garcia failed to overcome the procedural default, I grant the motion.

**<u>BACKGROUND</u>**

Saldana-Garcia challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada. *State of Nevada v. Saldana-Garcia*, Case No. C262680. He was convicted of 13 counts of sexual assault with a minor under the age of 14 and 14 counts of lewdness with a child under the age of 14. ECF No. 19-29. Saldana-Garcia appealed, and the Supreme Court of Nevada affirmed the conviction. ECF No. 20-16.

On August 3, 2015, Saldana-Garcia filed a state petition for writ of habeas corpus seeking post-conviction relief. ECF No. 20-24. The state petition was denied, the Supreme Court of Nevada affirmed the denial, and remittitur issued in January 2019. ECF Nos. 21-1, 21-14, 21-18.

Saldana-Garcia initiated this federal habeas corpus proceeding on March 13, 2019. ECF No. 1. I granted his application to proceed *in forma pauperis*, appointed the Federal Public Defender to represent him, and granted leave to amend the petition. ECF No. 6. Saldana-Garcia filed a counseled First Amended Petition for Writ of Habeas Corpus (ECF No. 13) in October 2019 alleging 12 grounds for relief.

As relevant to the motion, seven grounds—Grounds I, II, IV, V, VI, VII, and VIII— allege trial-level ineffective assistance of counsel (IAC) claims and one—Ground IX—alleges that the cumulative effect of trial counsel's ineffective assistance prejudiced the outcome of the

trial and sentence.  For the seven IAC claims, the statements of exhaustion say: "This claim is technically exhausted because Garcia has not raised it before the state courts and would be unable to do so now due to the state's procedural bars." ECF No. 13 at 10, 15, 22, 23, 31, 32, 34. For the cumulative error claim, he represents that the claim is partially exhausted because an identical version was presented to the Supreme Court of Nevada on post-conviction appeal, but it is technically exhausted to the extent the claim incorporates new issues that he would now be unable to raise in state court due to Nevada's procedural bars. *Id.* at 37.

## DISCUSSION

### I.   THE PARTIES' POSITIONS

The respondents move to dismiss Grounds I, II, IV, V, VI, VII, VIII, and IX as unexhausted, arguing that Saldana-Garcia has not presented these claims to any Nevada appellate court. ECF No. 16.

Saldana-Garcia contends that his amended petition clearly alleges the claims are "technically exhausted" because he has no available remedy in state court given Nevada's procedural bars for untimely and successive petitions. ECF No. 27 at 2–3.  He asserts that the sole reason the claims were not raised earlier is the ineffectiveness of his post-conviction counsel, but Nevada does not recognize this circumstance to excuse procedural bars. *Id.* at 4. Saldana-Garcia further argues that the respondents, by limiting their motion to exhaustion, have waived any procedural default. *Id.* at 2 (citing Screening Order (ECF No. 9) at 2),[1] *id.* at 5 (citing *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (holding that affirmative defense of procedural default should be raised in the first responsive pleading to avoid waiver)).  He maintains he can overcome any default under *Martinez v. Ryan*, 566 U.S. 1 (2012), based on the ineffective assistance of post-conviction counsel "but he doesn't have to" because that defense was not raised. *Id.* at 5.

---

[1] The screening order states that "any procedural defenses raised by the respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss" and "defenses omitted from such motion to dismiss will be subject to potential waiver." ECF No. 9 at 2.

The respondents dispute the assertion that they waived a procedural default defense because, by definition, a technically exhausted claim is also procedurally defaulted, and they had no way of predicting whether Saldana-Garcia could overcome Nevada's procedural bars by demonstrating good cause or actual innocence. ECF No. 33 at 3–5.  The respondents further assert that he must demonstrate that the eight claims are technically exhausted and then meet his burden of showing cause and prejudice under *Martinez* to overcome the procedural default. *Id.* However, they point out that he offers no argument as to why post-conviction counsel was ineffective and the court must presume that his post-conviction counsel performed effectively and strategically declined to raise these claims. *Id.*  Because Saldana-Garcia has not shown cause to excuse any default, they maintain that the eight claims must be dismissed. *Id.*

## II.   GOVERNING LAW AND ANALYSIS

A state prisoner first must exhaust state remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  To be exhausted, a claim must have been raised through one complete round of either direct appeal or collateral proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).  However, a federal court need not dismiss a claim on exhaustion grounds if it is clear the state court would find the claim procedurally barred under state law. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).[2]  Where a petitioner has procedurally defaulted a claim, the claim is technically exhausted and federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 750 (1991); *Carley v. Nevens*, 2:16-cv-2227-JAD, 2018 WL 4008981, at *1 (D. Nev. Aug. 22, 2018) ("A claim is technically exhausted if it is procedurally defaulted.").[3]

---

[2] *See also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (federal courts may consider a claim procedurally defaulted if "it is clear" such claim would be procedurally barred by state courts).

[3] This court has previously addressed the circumstances under which a claim is technically exhausted by procedural default within the context of the Nevada state rules for overcoming a state procedural bar. *E.g.*, *McClain v. LeGrand*, 3:14-cv-0269-MMD, 2019 WL 1646393, at *6 (D. Nev. Apr. 16, 2019); *Carley*, 2018 WL 4008981, at *1–2; *Rodriguez v. Filson*, 3:15-cv-0339-

The respondents did not waive procedural default by not expressly raising the affirmative defense in the motion. I did not intend for the respondents to speculate as to what arguments Saldana-Garcia might raise in response to a dispositive motion by ordering them to raise all potential procedural defenses in a "single consolidated motion to dismiss." *See Carley*, 2018 WL 4008981, at *1 n.2 (rejecting same waiver argument). Further, by insisting that his claims are technically exhausted, Saldana-Garcia necessarily admits that they are both unexhausted *and* procedurally defaulted. It follows that he may not present those claims in this court unless he first demonstrates that cause and prejudice excuse the default.

As the amended petition acknowledges, Saldana-Garcia would face multiple procedural bars if he were to return to state court with unexhausted claims. *See* NRS 34.726, NRS 34.810. However, Nevada's procedural bars can be excused by a showing of cause and prejudice or actual innocence, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument, then he cannot establish that "it is clear that the state court would hold the claim procedurally barred" and the ground is not technically exhausted. *Sandgathe*, 314 F.3d at 376. For that reason, judges in this district generally decline to find a claim technically exhausted by procedural default unless the petitioner represents that he would be unable to establish cause and prejudice or actual innocence in a return to state court. In such a case, the claim is generally subject to immediate dismissal as procedurally defaulted. But, when federal law recognizes a potential basis to excuse a procedural default and Nevada courts do not, then the petitioner can argue in federal court both that a ground is technically exhausted and that an excuse for the procedural default exists.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754–55). However, the Supreme Court created a narrow exception to that general

MMD, 2017 WL 6762466, at *4–6 (D. Nev. Dec. 29, 2017) (discussing the relationship between exhaustion, procedural default, and *Martinez* in federal habeas cases arising out of Nevada); *Myers v. Filson*, 3:14-cv-0082-MMD, 2017 WL 5559954, at *2–4 (D. Nev. Nov. 17, 2017) (discussion with analysis of controlling case authority).

rule in *Martinez v. Ryan*, 566 U.S. 1 (2012).[4] *Id.* "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding . . . and if in that proceeding there was no counsel or counsel was ineffective." *Id.* (citing *Martinez*, 566 U.S. at 17).[5]

To establish cause and prejudice for a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1242 (internal quotation omitted).  The first and second prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 1241.  The court's determination of the second prong "is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)).  The third prong directs the court to assess the merits of the underlying trial-level IAC claim. *Id.*  A procedural default will not be excused if the claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14–16).

Saldana-Garcia represents there are no exceptions available to save Grounds I, II, IV, V,

[4] The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada law. *Brown v. McDaniel*, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014) (en banc).  Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

[5] The *Martinez* exception cannot excuse a procedural default for substantive claims of trial-court error, appellate-level IAC claims, or "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16–7; *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).  However, claims of cumulative error premised on trial counsel's ineffective assistance are treated as trial-level IAC claims for purposes of a *Martinez* analysis. *See Runningeagle v. Ryan*, 825 F.3d 970, 990 n.21 (9th Cir. 2016); *Detrich v. Ryan*, 740 F.3d 1237, 1266–67 & 1273 (9th Cir. 2013) (en banc).  Accordingly, Saldana-Garcia's cumulative error claim—Ground IX—is subject to a *Martinez* analysis.

VI, VII, VIII, and IX in Nevada courts but argues he can overcome the default under the *Martinez* test. I therefore read his opposition as conceding that *Martinez* is the only potential basis to excuse the default and find those claims technically exhausted on that basis. However, the opposition provides no substantive *Martinez* analysis—no facts to describe post-conviction counsel's purported deficient performance, no argument that the outcome of his state petition would have been different absent the deficient performance, and no argument regarding the strength of his claims. Saldana-Garcia asserts that he doesn't have to satisfy the *Martinez* test in response to the motion because the respondents did not expressly raise procedural default. But, should I disagree, he requests permission to make such a showing in his merits reply.

Saldana-Garcia's argument is not well taken.

> The Court often—but not always—defers a resolution of the *Martinez* analysis until after the filing of an answer and reply in order to have the benefit a full factual and legal presentation of a petitioner's underlying IAC claims. However, no binding Ninth Circuit precedent *categorically* instructs district courts to defer the *Martinez* analysis to the merits stage. Rather, the *Martinez* test is specifically tailored to weed out implausible and frivolous claims and, in many cases, is capable of completion at the dispositive motion stage.

*Ludwig v. Baca*, 3:18-cv-0361-MMD, 2020 WL 4451042, at *4 (D. Nev. July 31, 2020) (citing *Clabourne*, 745 F.3d at 377 ("[I]f the claim of ineffective assistance of trial counsel is *implausible*, then there could not be a reasonable probability that the result of post-conviction proceedings would have been different.") (emphasis added)); *cf.* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). Saldana-Garcia has established that Grounds I, II, IV, V, VI, VII, VIII, and IX are technically exhausted, which necessarily means they are procedurally defaulted and subject to a *Martinez* analysis before proceeding to the merits. Since the motion expressly challenged exhaustion and he has now shown that exhaustion is technically satisfied, I cannot consider the merits of the claim unless an exception applies. *See Coleman*, 501 U.S. at 731. Saldana-Garcia failed to meet his burden of showing cause under *Martinez* to overcome the default of Grounds I, II, IV, V, VI, VII, VIII, and IX, and I thus dismiss those claims as procedurally barred.

I THEREFORE ORDER that the respondents' Motion to Dismiss (**ECF No. 16**) **is GRANTED**.  Grounds I, II, IV, V, VI, VII, VIII, and IX are dismissed with prejudice as procedurally barred.

Dated: November 10, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE