# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UBALDO SALDANA-GARCIA,

          Petitioner,

v.

BRIAN WILLIAMS, et al.,

          Respondents.

Case No. 2:19-cv-00441-APG-BNW

**ORDER**

(ECF No. 36)

    Petitioner Ubaldo Saldana-Garcia moves for reconsideration of my prior order dismissing many of the claims in his amended petition. I deny the motion because he has not presented sufficient reasons for me to change my mind.

**Background**

    On November 10, 2020, I dismissed Grounds I, II, IV, V, VI, VII, VIII, and IX of the amended petition as procedurally barred. ECF No. 34. Saldana-Garcia argued that the claims are "technically exhausted" and that the sole reason the claims were not raised earlier is the ineffectiveness of his post-conviction counsel. ECF No. 27 at 2-3. Saldana-Garcia further argued that the respondents waived any procedural default defense because they limited their motion to dismiss to exhaustion. *Id.* at 2. Although Saldana-Garcia contended he could overcome default under *Martinez v. Ryan*, 566 U.S. 1 (2012), he asserted that he did not have to because the respondents did not raise that defense.

    The respondents argued that they did not waive a procedural default defense because a technically exhausted claim is procedurally defaulted and they had no way of predicting whether Saldana-Garcia could overcome Nevada's procedural bars by demonstrating good cause or actual innocence. ECF No. 33 at 3-5. Further, the respondents asserted that Saldana-Garcia must meet his burden of showing cause and prejudice under *Martinez* to overcome the procedural default. *Id.* The respondents noted that Saldana-Garcia offered no argument as to why post-conviction counsel was ineffective. *Id.* As such, Saldana-Garcia failed to show cause to excuse any default.

    Because Saldana-Garcia asserted that his claims are technically exhausted, it follows that his claims are both unexhausted and procedurally defaulted. *See* ECF No. 34. *See also Myers v.*

*Filson*, 2017 WL 5559954, at *3 (D. Nev. Nov. 17, 2017). *Martinez* was the only potential basis to excuse the default and to find those claims technically exhausted. In his opposition to the respondent's motion to dismiss, however, Saldana-Garcia provided no substantive *Martinez* analysis. Because the respondents expressly challenged exhaustion, I could not consider the merits of the claim unless an exception applied. I found that Saldana-Garcia failed to meet his burden of showing cause under *Martinez* to overcome the default of Grounds I, II, IV, V, VI, VII, VIII, and IX and therefore dismissed them as procedurally barred.

## Discussion

Saldana-Garcia seeks reconsideration of my order. Local Rule ("LR") 59-1 provides:

> Motions seeking reconsideration of case-dispositive orders are governed by Fed. R. Civ. P. 59 or 60, as applicable. A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity. The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

A motion to reconsider a final appealable order is appropriately brought under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *See United States v. Martin,* 226 F.3d 1042, 1048 n.8 (9th Cir. 2000); *See also Turner v. Wells Fargo Bank, N.A.*, 2012 WL 3562742, at *1 (D. Nev. Aug. 17, 2012). Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it. *See United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir. 2000); *Glavor v. Shearson Lehman Hutton, Inc.,* 879 F.Supp. 1028, 1032 (N.D.Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment."). A district court "possesses the inherent procedural power to reconsider, rescind, or modify" an order for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

Saldana-Garcia argues that reconsideration is appropriate because my initial decision was manifestly unjust. ECF No. 38 at 2. He further asserts that his counsel's decision to respond only

to the respondents' exhaustion argument and seek briefing on *Martinez* issues later was a good faith litigation choice because all procedural arguments had to be raised in a single motion to dismiss and because Saldana-Garcia's statement of exhaustion made it clear that each claim was technically exhausted. ECF No. 36 at 4. Saldana-Garcia asserts that I should consider his *Martinez* claims when I consider the merits of his remaining claims. *Id.* at 2.

The respondents argue that Saldana-Garcia failed to cogently allege cause to excuse default or demonstrate that *Martinez* applies by making a colorable argument that post-conviction counsel was ineffective. ECF No. at 37 at 3. The respondents further assert that Saldana-Garcia must first demonstrate that *Martinez* applies before they are required to address procedurally defaulted claims on their merits. *Id.*

Saldana-Garcia has not shown that my ruling was erroneous or manifestly unjust. The respondents are not prevented from arguing that a claim is unexhausted despite the likelihood that potential procedural bars to the claims will be raised in the state court. *See, e.g.*, *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1988), *overruled on other grounds as recognized in Apelt v. Ryan*, 878 F.3d 800, 827 (9th Cir. 2017). *See also Ramirez v. Baker*, 2019 WL 4017239, at *28 (D. Nev. Aug. 26, 2019), *aff'd*, 833 F. App'x 63 (9th Cir. 2020). Further, the respondents do not know what arguments Saldana-Garcia would raise to overcome the procedural bars.

In past cases, this court has rejected efforts by habeas petitioners to claim technical exhaustion by procedural default while at the same time arguing that they nonetheless can establish cause and prejudice or actual innocence to overcome that procedural default. If the petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. On the other hand, if the petitioner has no such potentially viable arguments, then the claim indeed is technically exhausted; but it also is subject to immediate dismissal with prejudice as procedurally defaulted.

Neither alternative involves a federal court consideration of cause-and-prejudice or actual-innocence arguments. In the first alternative, the claim remains unexhausted, and the petitioner must either dismiss the unexhausted claim or obtain a stay to exhaust. In the second alternative,

the concession that the petitioner has no viable arguments renders the claim technically exhausted but also renders the claim subject to immediate dismissal because there are no potentially viable cause-and-prejudice or actual-innocence arguments for the federal court to consider.

A different situation is presented where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. But Saldana-Garcia failed to demonstrate that Grounds I, II, IV, V, VI, VII, VIII, and IX are technically exhausted by procedural default but that default can be overcome under *Martinez*. Saldana-Garcia failed to present an argument on the motion to dismiss showing post-conviction counsel's purported deficient performance, that the outcome of the state petition would have been different absent the deficient performance, or any argument as to the strength of his claims.[1] The scheduling order in this case does not provide for bifurcated or supplemental briefing on procedural default arguments relied upon to establish technical exhaustion. Absent a contrary prior order, counsel is responsible for briefing the issues implicated by an exhaustion defense, including as to any claim of technical exhaustion by procedural default. LR 7-2(d) provides that the failure of an opposing party to present points and authorities in response to a motion constitutes a consent to a grant of the motion.

Saldana-Garcia provided no substantive argument to allow me to determine that I should analyze cause and prejudice under *Martinez* as to the unexhausted claims. Accordingly, the motion to reconsider is denied. The respondents are instructed to file their answer within 30 days of the date of entry of this order.

/ / / /

/ / / /

/ / / /

/ / / /

---

[1] To establish cause and prejudice for a trial-level IAC claim under *Martinez*, a petitioner must show: (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Ramirez v. Ryan*, 937 F.3d 1230, 1242 (9th Cir. 2019) (internal quotation omitted).

I therefore order that petitioner Ubaldo Saldana-Garcia's Motion to Reconsider (**ECF No. 36**) **is DENIED**. The respondents must file their answer **by July 30, 2021**.

Dated: June 29, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE