UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UBALDO SALDANA-GARCIA,<br><br>    Petitioner<br><br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>    Respondents | Case No.: 2:19-cv-00441-APG-BNW<br><br>**Order Granting Petitioner's Motion to Stay**<br><br>[ECF No. 55] |

Petitioner Ubaldo Saldana-Garcia has filed a counseled amended petition (ECF No. 4) and now requests a stay while he litigates his second state post-conviction petition. ECF No. 55. I grant Saldana-Garcia's motion to stay pending exhaustion of his unexhausted claims in state court.

**Background**

In November 2020, I dismissed Grounds I, II, IV, V, VI, VII, VIII, and IX of the amended petition as procedurally barred. ECF No. 34. I denied Saldana-Garcia's motion to reconsider finding that he failed to demonstrate that Grounds I, II, IV, V, VI, VII, VIII, and IX are technically exhausted by procedural default, but that default can be overcome by *Martinez v. Ryan*, 566 U.S. 1 (2012). ECF No. 36.

Prior to answering the amended petition, the respondents informed the State of a potential error in Saldana-Garcia's judgment of conviction. ECF No. 61 at 2. The State filed a motion to amend the judgment of conviction in state district court to eliminate 14 lewdness convictions. ECF Nos. 46, 47. I granted the parties' request to stay the case while the motion to amend the judgment of conviction was pending in state district court. *Id*.

In November 2021, the state district court issued an amended judgment of conviction dismissing numerous counts. ECF No. 48. In January 2023, Saldana-Garcia filed a second state post-conviction habeas petition seeking to exhaust the ineffective assistance of counsel claims of Grounds I, II, IV, V, VI, VII, VIII, and IX. He requests a stay of this case while he litigates his state post-conviction petition.

## Discussion

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state

court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

Saldana-Garcia makes two arguments in support of his contention that good cause exists for a *Rhines* stay. First, he argues that he is entitled to a second state post-conviction petition on the amended judgment of conviction. He asserts that the amended judgment of conviction was substantial because it eliminated 14 counts and was not the correction of a clerical error. The Nevada appellate court may determine that Saldana-Garcia has demonstrated good cause to overcome procedural default and rule on the merits of his claims rendering the claims exhausted, and not procedurally defaulted. Second, Saldana-Garcia asserts that good cause exists based on ineffective assistance of post-conviction counsel. He argues that post-conviction counsel failed to review the state court record to set forth claims based on trial counsel's failure to seek dismissal or acquittal at trial, to use peremptory challenges during jury selection, and to object at trial.

Saldana-Garcia has demonstrated good cause to warrant a stay. The ongoing state habeas action may have a substantive impact on his claims in this federal action in that he may overcome the procedural bars or develop new evidence in state court related to his claims following the U.S. Supreme Court's decision in *Shinn v. Ramirez*. 142 S. Ct. 1718 (2022) (holding that in adjudicating a *Martinez* claim "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state post-conviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2)). Saldana-Garcia further provides that in light of the

Supreme Court's decision in *Ramirez*, the issue of overturning *Brown v. McDaniel*,[1] 331 P.3d 867 (Nev. 2014), is before the Supreme Court of Nevada.

In addition, the Ninth Circuit has held that ineffective assistance of post-conviction counsel can constitute good cause to obtain a stay for purposes of exhausting a claim in state court. *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014). The good cause standard under *Rhines* "cannot be any more demanding than a showing of cause under *Martinez* to excuse state procedural default." *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). Although I previously found that Saldana-Garcia failed to meet his burden of showing cause under *Martinez* to overcome the default of Grounds I, II, IV, V, VI, VII, VIII, and IX, he demonstrates good cause to obtain a stay based on his allegations of ineffective assistance of post-conviction counsel, particularly considering the substantive impact the ongoing state habeas action may have on his claims in this federal action.

I further find that the unexhausted grounds are not "plainly meritless," and that Saldana-Garcia has not engaged in intentionally dilatory litigation tactics. Accordingly, I will grant Saldana-Garcia's motion for stay.

## Conclusion

I THEREFORE ORDER that the petitioner's Motion to Stay (ECF No. 55) is granted.

I further order that this action is STAYED pending exhaustion of the unexhausted claims.

I further order that the petitioner must file a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state

---

[1] The Supreme Court of Nevada expressly declined to follow the *Martinez* exception to excuse state procedural bars.

court proceedings.[2]

I further order that, with any motion to reopen filed following completion of all state court proceedings pursued, the petitioner: (a) shall attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if the petitioner intends to amend the federal petition, he shall file a motion for leave to amend along with the proposed amended petition or a motion for extension of time to move for leave.

I direct the Clerk of Court to ADMINISTRATIVELY CLOSE this action until such time as I grant a motion to reopen the matter.

I further order that I will reset the briefing schedule upon reopening of the case and lifting the stay.

DATED this 17th day of January, 2024.

                                                                              _____
                                                                              ANDREW P. GORDON
                                                                              UNITED STATES DISTRICT JUDGE

---

[2] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).