**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UBALDO SALDANA-GARCIA,

Petitioner

v.

BRIAN WILLIAMS, et al.,

Respondents

Case No.: 2:19-cv-00441-APG-BNW

**Order Denying the Respondents' Motion to Dismiss and Granting Petitioner's Motion for Leave to File Excess Pages**

[ECF Nos. 80, 87]

Petitioner Ubaldo Saldana-Garcia has filed a Second Amended Petition for Writ of Habeas Corpus. ECF No. 84. The respondents move to dismiss certain claims as procedurally defaulted or, in the alternative, to dismiss Claim 9 as unexhausted or not cognizable on federal habeas review. ECF No. 80. Also before me is Saldana-Garcia's Motion for Leave to File Excess Pages. ECF No. 87. As more fully discussed below, I deny the respondents' Motion to Dismiss and grant Saldana-Garcia's Motion for Leave to File Excess Pages.

## I. BACKGROUND

Saldana-Garcia challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On March 11, 2013, the state district court entered a judgment of conviction, pursuant a to jury verdict, for 13 counts of sexual assault with a minor under the age of 14 and 14 counts of lewdness with a child under the age of 14. ECF No. 19-29. The state district court sentenced Saldana-Garcia to life with the possibility of parole in addition to additional consecutive and concurrent terms. *Id*. Saldana-Garcia appealed, and the Supreme Court of Nevada affirmed the conviction. ECF No. 20-16.

On August 3, 2015, Saldana-Garcia filed a state petition for writ of habeas corpus seeking post-conviction relief. ECF No. 20-24. The state district court denied his habeas petition and the

Supreme Court of Nevada affirmed the denial of relief. ECF Nos. 21-14, 21-18. Saldana-Garcia initiated this federal habeas corpus proceeding in March 2019. ECF No. 1. Following appointment of counsel, Saldana-Garcia filed a counseled first amended petition alleging 12 grounds for relief. ECF No. 13.

The respondents moved to dismiss certain grounds as unexhausted. ECF No. 16. Although Saldana-Garcia argued that the claims were technically exhausted, I found that he failed to meet his burden of showing cause under *Martinez v. Ryan*, 566 U.S. 1, (2012). ECF No. 34. I dismissed Grounds I, II, IV, V, VI, VII, VIII, and IX as procedurally barred. *Id*. I denied Saldana-Garcia's motion to reconsider. ECF Nos. 36, 41.

Prior to answering the amended petition, the respondents informed the State of a potential error in Saldana-Garcia's judgment of conviction. ECF No. 61 at 2. The State filed a motion to amend the judgment of conviction in state district court to eliminate 14 lewdness convictions. ECF Nos. 46, 47. I granted the parties' request to stay the case while the motion to amend the judgment was pending in state district court. *Id*.

In November 2021, the state district court issued an amended judgment of conviction dismissing numerous counts. ECF No. 48. Saldana-Garcia appealed the amended judgment of conviction seeking a new sentencing hearing. ECF No. 72-10. The Supreme Court of Nevada affirmed the judgment of conviction. ECF No. 72-14.

In January 2023, Saldana-Garcia filed a second state habeas petition seeking to exhaust the ineffective assistance of counsel claims. The state district court denied his second habeas petition. ECF No. 72-23. The Nevada Court of Appeals affirmed the denial of relief, finding the petition was untimely and successive and that Saldana-Garcia failed to demonstrate good cause and prejudice to overcome the procedural bars. ECF No. 72-32.

I granted Saldana-Garcia's motion for leave to file a second amended petition in this case after returning to state district court following the issuance of the amended judgment of conviction. ECF Nos. 83, 84. The respondents assert that except for Claims 1 and 4, the second amended petition alleges the same claims as Saldana-Garcia's first amended petition. The respondents now move to dismiss the second amended petition, arguing that I should not reconsider my prior ruling dismissing Claims 1, 2, 5, 6, 7, 8, and 9 as procedurally barred under the law of the case and procedural default doctrines. ECF No. 80. In the alternative, the respondents argue that I should dismiss Claim 9 as unexhausted and not cognizable, and Claims 1, 2, 5, 6, 7, 8, and 9 as procedurally defaulted. *Id*.

## II. DISCUSSION

### a. Reconsideration of whether Saldana-Garcia can overcome the procedural default of Claims 1, 2, 5, 6, 7, 8, and 9 under *Martinez*.

The respondents argue that the law of the case doctrine precludes reconsideration of the dismissal of Claims 1, 2, 5, 6, 7, 8, and 9 as procedurally barred. They assert that the court may only depart from the law of the case if (1) the prior decision was clearly erroneous and enforcing it would result in manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) a subsequent trial produces substantially different evidence, and that none of the above exceptions apply here. *See Gonzales v. Arizona*, 677 F.3d 383, 389 n. 4 (9th Cir. 2012) (*en banc*).

Saldana-Garcia argues that I have discretion to reconsider my prior order and also asserts that the amended judgment of conviction is an intervening event that restarts the habeas process. In addition, he asserts that he could have dismissed this case and filed a new § 2254 petition. Saldana-Garcia argues that the respondents failed to oppose his motion to file his second

amended petition and, therefore, forfeited their law of the case argument. He argues that the case is now in a different procedural posture, and it would be unjust to apply the law of the case doctrine.

District courts have "the inherent procedural power to reconsider, rescind, or modify an interlocutory order." *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (cleaned up); *see also Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision ... that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment."). As this court's local rules explain, "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." LR 59-1(a). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Although I previously found that Saldana-Garcia failed to meet his burden of showing cause under *Martinez* to overcome the default of Claims 1, 2, 5, 6, 7, 8, and 9, I conclude that Saldana-Garcia has presented facts of a "strongly convincing nature" in support of reconsidering that ruling. *See United States v. Kauwe*, 467 F. Supp. 3d 940, 945 (D. Nev. 2020). The state district court entered an amended judgment of conviction, which plausibly would allow Saldana-Garcia to file a new petition free of § 2244(b) concerns. *Magwood v. Patterson*, 561 U.S. 320 (2010). Saldana-Garcia has returned to the state district court to exhaust the ineffective assistance of counsel claims, and he now provides substantive cause and prejudice arguments under *Martinez* to overcome the procedural default. Accordingly, I deny the respondents'

motion to dismiss Claims 1, 2, 5, 6, 7, 8 as procedurally defaulted and the under law of the case doctrine. Saldana-Garcia will have the opportunity to establish cause and prejudice to overcome procedural default of Claims 1, 2, 5, 6, 7, 8, and 9 by making the necessary showing under *Martinez*. I defer consideration of whether Saldana-Garcia can demonstrate cause and prejudice under *Martinez* to overcome the procedural default of Grounds Claims 1, 2, 5, 6, 7, 8, and 9 until the time of merits review. The respondents may reassert the procedural default arguments with respect to those claims in their answer.

**b. Claim 9**

In Claim 9, Saldana-Garcia alleges that the cumulative effect of trial counsel's ineffective assistance prejudiced the outcome of the trial and the sentence. ECF No. 84 at 42. The respondents argue that Claim 9 should be dismissed as partially unexhausted and as not cognizable on federal habeas review.

**i. Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available.

*O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

The respondents argue that Claim 9 is partially unexhausted because Saldana-Garcia never presented a cumulative error claim in Nevada state courts that included all the legal and factual allegations he now asserts in his second amended petition. Saldana-Garcia asserts that a cumulative error claim that included the allegations underlying Claim 3 was exhausted during his original state post-conviction proceedings. Similarly, a cumulative error claim that included the allegations underlying Claims 1, 2, 5, 6, 7, 8, and 9 was exhausted during his most recent state post-conviction proceedings.

Saldana-Garcia asserted the cumulative error claims encompassing Claims 1, 2, 3, 5, 6, 7, 8, and 9 in his first and second state habeas proceedings and, accordingly, Claim 9 is exhausted. Even if Claim 9 were partially unexhausted, I would have permitted the claim to proceed as technically exhausted, because Saldana-Garcia would face multiple procedural bars if he were to

return to state court with his partially unexhausted claim, and he advances only *Martinez* as a basis for excusing the anticipatory default of this claim. I deny the respondents' motion to dismiss Claim 9 as partially unexhausted.

**ii. Cognizability**

The respondents also argue that cumulative error claims are not cognizable on federal habeas review. They acknowledge that the Ninth Circuit Court of Appeals has recognized cumulative error habeas claims but assert that "in the absence of Supreme Court precedent," this claim is not clearly established by federal law. Because I am bound by the Ninth Circuit's interpretation, I find Claim 9 is cognizable. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial-court errors violates due process where it renders the resulting criminal trial fundamentally unfair.") (cleaned up) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973)); *see also, e.g., Michaels v. Davis*, 51 F.4th 904, 935 (9th Cir. 2022) (analyzing cumulative-error claim on habeas review); *Noguera v. Davis*, 5 F.4th 1020, 1051 (9th Cir. 2021) (same). I deny the respondents' motion to dismiss Claim 9 as noncognizable.

## III. MOTION FOR LEAVE TO FILE EXCESS PAGES

Saldana-Garcia requests leave to file a 34-page opposition to the respondents' Motion to Dismiss, which exceeds the page limit imposed by the Local Rules of Practice. I find good cause exists and grant Saldana-Garcia's motion to file excess pages.

## IV. CONCLUSION

I THEREFORE ORDER that Petitioner Ubaldo Saldana-Garcia's Motion for Leave to File Excess Pages (ECF No. 87) is granted.

I further order that the Respondents' Motion to Dismiss (ECF No. 80) is denied.

I further order that I defer consideration of whether Saldana-Garcia can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Claims 1, 2, 5, 6, 7, 8, and 9 until the time of merits review. The respondents may reassert the procedural default arguments with respect to those claims in their Answer.

I further order that the respondents have until October 9, 2026 to file their Answer.

I further order that Saldana-Garcia has 60 days after service of the Answer to file his Reply.

DATED this 5th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE